UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel (MS7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Michael@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Fernando Arellanes Jimenez, Luis Perez Garcia, Daniel Herrera Santiago, Wilfredo Ramirez, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 16-CV-233a |
| **Plaintiffs,** | **COMPLAINT** |
| - vs. - | |
| Dough Boys Pizza of NYC, INC. D/B/A Dough Boys Pizza, Anthony Cracchiolo, | |
| **Defendants.** | |

Plaintiffs Fernando Arellanes Jimenez, Luis Perez Garcia, Daniel Herrera Santiago, Ramirez Wilfredo, by and through their undersigned attorneys, for their complaint against defendants Dough Boys Pizza of NYC, INC.(Hereinafter Dough Boys Pizza), and Anthony Cracchiolo, alleges as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiffs Fernando Arellanes Jimenez, Luis Perez Garcia, Daniel Herrera Santiago, and Wilfredo Ramirez alleges on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Dough Boys Pizza, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Plaintiffs further complains that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage, (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law, (iv) compensation for defendants' violation of the

Wage Theft Prevention Act, and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

1.    Plaintiff Fernando Arellanes Jimenez is an adult individual residing in Bronx, New York.

2.    Plaintiff Luis Perez Garcia is an adult individual residing in Bronx, New York.

3.    Plaintiff Daniel Herrera Santiago is an adult individual residing in Bronx, New York

4.    Plaintiff Wilfredo Ramirez is an adult individual residing in Bronx, New York.

5.    Plaintiffs each consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); their written consent is attached hereto and incorporated by reference.

6.    Upon information and belief, defendant Dough Boys Pizza is a New York corporation with an address of 451 3rd Ave, New York, NY.

7.    At all relevant times, defendant Dough Boy Pizza, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.   Upon information and belief, at all relevant times, defendant Dough Boy Pizza had gross revenues in excess of $500,000.00.

9.   Upon information and belief, at all relevant times herein, defendant Dough Boy Pizza has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10.   Upon information and belief, at relevant times, Dough Boy Pizza has constituted an "enterprise" as defined in the FLSA.

11.   At all relevant times herein, defendant Anthony Cracchiolo, was an owner or part owner and principal of Dough Boy Pizza, who had the power to hire and fire employees, set wages and schedules, and maintain their records.

12.   At all relevant times herein, defendant Cracchiolo was involved in the day-to-day operations of Dough Boy Pizza and played an active role in managing the business.

13.   Defendants constituted "employers" of plaintiffs as that term is used in the New York Labor Law and the Fair Labor Standards Act.

## JURISDICTION AND VENUE

14.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16.  Pursuant to 29 U.S.C. § 206 and § 207, plaintiffs seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since March 28, 2016, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory minimum wages and/or overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.  The Collective Action Members are similarly situated to plaintiff in that they were employed by

defendants as non-exempt restaurant workers, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

19. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

20. At all relevant times herein, defendants owned and operated a restaurant in New York, New York.

21. From approximately April 10, 2014 to March 23, 2016, Fernando Arellanes Jimenez was employed by defendants as a food deliverer and stockroom clerk.

22. Mr. Jimenez's job duties include delivering food and during the first 2 and ½ hours of each workday he would bring up pizza boxes from the basement to the store.

23. Mr. Jimenez's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

24. At all relevant times herein, Mr. Jimenez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

25. Mr. Jimenez regularly worked six days per week. On Monday and Wednesday, he worked from 10 am to 5 pm, From Thursday to Sunday, he worked from 10 am to 10 pm. Mr. Jimenez did not take any breaks lasting longer than 10-15 minutes.

26. As a result, he worked approximately 62 hours per week each week of his employment.

27. Mr. Jimenez was paid weekly, at a fixed weekly rate of $400 that did not vary over his employment.

28. From approximately March 14, 2014 to March 17, 2016, Luis Perez Garcia was employed by defendants as a food deliverer and counter clerk.

29. Mr. Garcia's job duties include delivering food, and working behind counter taking orders.

30. Mr. Garcia's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

31. At all relevant times herein, Mr. Garcia was an employee engaged in commerce and/or in the production of

goods for commerce, as defined in the FLSA and its implementing regulations.

32. Mr. Garcia regularly worked six days per week. On Monday, he worked from 10 am to 10 pm, From Tuesday to Wednesday, he worked from 12 pm to 12 am. On Thursday, he worked from 5 pm to 3 am and from Friday to Saturday, he worked from 7 am to 5 pm. Mr. Garcia did not take any breaks lasting longer than 10-15 minutes during his shifts. On some occasions, Mr. Garcia was required to work seven days per week.

33. As a result, he worked at least 66 hours per week each week of his employment.

34. Mr. Garcia was paid weekly, at a fixed weekly rate of $380 that did not vary over his employment.

35. From approximately March 14, 2014 to March 17, 2016, Daniel Herrera Santiago was employed by defendants as a food deliverer, dishwasher and stock clerk.

36. Mr. Santiago's job duties include delivering foods, washing dishes, and bringing suppliers from downstairs to upstairs

37. Mr. Santiago's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

38.   At all relevant times herein, Mr. Santiago was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

39.   Mr. Santiago regularly worked six days per week. On Tuesday's and Wednesday's, he worked from 10 am to 11 pm, On Thursday, he worked from 5 pm to 3 am, and on Friday to Saturday, he worked from 5 pm to 5 am; on Sunday, he worked from 5 pm to 11 pm. Mr. Santiago did not take any breaks lasting longer than 10-15 minutes during any of his shifts.

40.   As a result, he worked approximately 66 hours per week each week of his employment.

41.   Mr. Santiago was paid weekly, at a fixed weekly rate of $360 that did not vary over his employment.

42.   From approximately September 10, 2013 to September 28, 2014, and October, 2015, Wilfredo Ramirez was employed by defendants as a food preparer and deliverer.

43.   Mr. Ramirez's job duties include preparing dough, making salsa, shredding cheese, cutting peppers and sometimes making deliveries.

44.   Mr. Ramirez's work was performed in the normal course of defendants' business and was integrated into the

business of defendants, and did not involve executive or administrative responsibilities.

45. At all relevant times herein, Mr. Ramirez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

46. Mr. Ramirez regularly worked six days per week. On Tuesday, Wednesday and Friday, he worked from 10 am to 8 pm, On Thursday, Saturday and Sunday he worked from 10 am to 11 pm. Mr. Ramirez did not take any breaks lasting longer than 10-15 minutes during any of his shifts.

47. As a result, he worked approximately 62 hours per week each week of his employment.

48. Mr. Ramirez was paid weekly, at a fixed weekly rate of $500 that did not vary over his employment.

49. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

50. Plaintiffs received the same pay regardless of the exact number of hours they worked in a particular pay period.

51. In addition to their pay, Plaintiffs received tips during their employment.

52. However, Plaintiffs did not receive a sufficient amount of base pay for defendants to take advantage of the "tip credit" under the New York Labor Law.

53. Defendants never provided Plaintiffs with any notice regarding the "tip credit" and had no agreement in place with plaintiffs regarding a tip credit.

54. Additionally, even with the tips, plaintiffs' compensation frequently fell short of the statutory minimum wage.

55. Upon information and belief, defendants did not keep records of plaintiffs tips received or their tip allowances claimed.

56. As a result of the hour plaintiffs worked and the pay they received, their effective rate of pay fell below the statutory minimum wage in effect at all relevant times.

57. All plaintiffs received their pay once per week in cash; they did not receive a paystub or wage statement with their pay.

58. All plaintiffs were not paid an overtime premium for hours worked in excess of forty hours per week; they only received their flat weekly pay.

59. Defendants' failure to pay plaintiffs the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the New York Labor Law and the

supporting New York State Department of Labor regulations, was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663, and supporting regulations.

60. Although plaintiffs routinely worked shifts lasting in excess of ten hours from start to finish during their employment with defendants, they were not paid a "spread of hours" premium of one hour's pay at the minimum wage on any of those days.

61. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

62. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them (1) the minimum wage, or (2) overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

63.   Upon   information   and   belief,   these   other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

64.   Defendants failed to provide plaintiffs and these other individuals with written wage notices providing the information required by the Wage Theft Prevention Act – including,   inter   alia,   defendants'   contact   information, their regular and overtime rates, and intended allowances claimed   –   and   failed   to   obtain   their   signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

65.   Defendants failed to provide plaintiffs and these other   individuals   with   weekly   paystubs   or   other   wage statements constituting records of their compensation and hours worked, in violation of New York Labor Law § 195.3 and the Wage Theft Prevention Act.

66.   Upon   information   and   belief,   while   defendants employed plaintiffs and the Collective Action members, and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide employees with records of their hours worked.

67. Upon information and belief, while defendants employed plaintiffs and the Collective Action members, and through all relevant time periods, defendants failed to post and keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

68. Plaintiffs, on behalf of themselves and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, defendants employed plaintiffs and the Collective Action Members within the meaning of the FLSA.

70. Defendants failed to pay a wage greater than the minimum wage to plaintiffs and the Collective Action Members for all hours worked.

71. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

72. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

73. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

74. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

75. At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

76. Defendants willfully violated plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

77. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a

good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

78.   Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

79.   Plaintiffs, on behalf of themselves and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

80.   At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

81.   At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

82.   As a result of defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate not less than one-and-

one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

83. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

84. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

85. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

86. At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

87. Defendants willfully violated plaintiffs' rights by failing to pay them full overtime compensation at rates

not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

88.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

89.  Due to defendants' New York Labor Law violations, Plaintiffs is entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

90.  Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

91.  At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

92.  Defendants willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day he worked more than ten hours, in

violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

93.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

94.  Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).


## COUNT VI

### (New York Labor Law — Wage Theft Prevention Act)

95.  Plaintiffs repeat, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

96.  At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

97.  Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required

by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

98. Defendants willfully violated Plaintiffs' rights by failing to provide them with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

99. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants statutory damages of $250 per week throughout their employment, and $50 per week throughout their employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and

their counsel to represent the Collective Action members;

b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.   An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.   Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

e.   A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f.   An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h. Liquidated damages for defendants' New York Labor Law violations;

i. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j. Back pay;

k. Punitive damages;

l. An award of prejudgment and postjudgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other, further, and different relief as this Court deems just and proper.

Dated:  March 30, 2016      _____

Michael Samuel (MS7997)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff

# EXHIBIT A